By the Court.
In the argument counsel for the relator read, and in his brief copied, the following notice:
*340 “The State Civil Service Commission of Ohio.

“Columbus.

“Notice of eligibility. Lucius Hart, Logan, Ohio. An average grade of 70 per cent, is required to reach the eligible list for Superintendent Hocking County Infirmary. We are pleased to advise you that your grade on the examination held on 5-1-19 was 77 per cent, and you are Number 1 on the eligible list.
“Yours sincerely,
“State Civil Service Commission."’
While this notice is not properly before the court, upon the submission of the demurrer the cause was argued by both counsel for relator and counsel for respondents with reference to this notice and its effect as a certification, it being conceded that if this notice did not amount to a certification no certification was ever made. In view of this situation we have concluded to consider the case as though the notice were pleaded as a certification and to consider the demurrer as searching the record.
Stress was also laid upon the effect of the amendment to Section 2522, General Code, passed April 17, 1919, approved by the governor May 10 and filed with the secretary of state May 16, 1919, and in effect ninety days thereafter, found in 108 Ohio Laws (Part 1), page 267, which so far as applicable here reads as follows: “The superintendent may employ a matron and such labor from time to time, at rate of wages to be fixed by the *341 county commissioners, as may not be found available on the part of the inmates of the institution.
That a rule of the state civil service commission, where in conflict with an enactment of the legislature, must yield to the enactment, when the enactment becomes effective, goes without saying.
But it is argued that since the amendment was passed prior to the date of the last examination of relator, though not in effect upon that date, relator was therefore eligible to appointment after the law became effective, notwithstanding the fact that his wife had failed. The position of counsel, however, in this respect seems to the court to be untenable for the reason that' the law not being retroactive in its terms did not operate retrospectively so as to make an applicant ineligible at the time of the taking of a competitive examination eligible thereafter, without submitting himself to a competitive examination under the law as amended, at which other applicants similarly situated might have the opportunity to compete.
But this conclusion is not the basis of this decisión.
Treating the notice to the relator of his eligibility, as though pleaded, as a certification to the board of county commissioners, and the demurrer to the1 answer as testing the sufficiency of the notice as a certification, we are unable to find that it amounts to such certification. Were this an action in mandamus to require the civil service commission to certify relator as a person eligible for appointment as superintendent of the Hocking county home, in the absence of a showing by the civil *342 service commission of its having obtained satisfactory information after the examination “of the bad character, physical disability, dissolute habits, immoral conduct, or of any criminal or disreputable act or conduct of such applicant,” or any other sufficient cause for the removal of his name from the eligible list, it might be argued with considerable logic that the ability and aptness of the matron of such an institution to keep the institution clean, sanitary and orderly, and look after the bed clothes and clothing of its inmates and see that the cooking is properly done, and to administer to the sick, are not such characteristics as can be ascertained by a competitive examination, and that independent of the amendment to Section 2522, General Code, the rule of the civil service commission in that respect was void and in contravention of the provisions and plain intendment of Section 10, Article XV of the Constitution, and that therefore the civil service commission ought to be ordered to certify the relator as eligible to appointment to the position of superintendent of the Hocking county home. But such a proceeding was never instituted, and no certification was ever made by the state civil service commission to the board of county commissioners, and even though the notice to the applicant that he was first upon the eligible list might justify the court in holding that it thereupon immediately became the duty of the civil service commission to so place him upon the eligible list, and treating as done that which ought to have been done, still the placing of an applicant upon the eligible list does not necessarily require that four *343 months later he must be so certified to the appointing officer, for the state civil service commission retains jurisdiction of the eligibility of the applicant and may remove him from the eligible list for cause at any time before appointment. A notice, therefore, directed by the civil service commission to the applicant that he has successfully passed the examination and has been placed first upon the eligible list does not amount to a certification to the appointing board of his eligibility to appointment at a later date. This being so, his appointment by the board of county commissioners must have been provisional only, subject to be terminated upon an eligible list being certified by the state civil service commission and his successor being appointed from that list, or subject to the will of the appointing power, the board -of county commissioners under the circumstances being without power to make other than a provisional appointment.
The appointment of the relator then having been made without reference to his qualification under a civil service examination, the state civil service commission never obtained jurisdiction over the employment, and, therefore, had no jurisdiction over the termination of that employment.
The demurrer will be sustained to the petition of the plaintiff, and unless he desires to plead further the petition will be dismissed.

Demurrer sustained.

Jones, Wanamaker, Robinson and Merrell, JJ-, concur.
Matthias, J., not participating.